UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMBROISE TANO,<br><br>Plaintiff,<br><br>vs.<br>PERICO IMPLANTS NORTH INCORPORATED DBA The PERICO GROUP AND JM COHEN LAW, PC; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*;<br>2. FEDERAL RULES OF BANKRUPTCY 11 U.S. Code §362(a) & §524(a),<br>3. MASSACHUESTTS CONSUMER PROTECTION LAW, Mass. Gen. Laws ch. 93A, §1-11 |

Plaintiff Ambroise Tano ("Plaintiff"), by and through his attorneys, brings this action to secure redress from unlawful debt collection practices engaged in by Defendants, Perico Implants North, Incorporated, DBA The Perico Group, ("Perico") and JM Cohen Law, PC ("Cohen"), ("Defendants").

## INTRODUCTION

Count I of Plaintiff's Complaint is based on violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, against Perico and Cohen and their agents for their unlawful debt collection practices against Plaintiff.

Count II of Plaintiffs' Complaint is based on violations of the Federal Rules of Bankruptcy, 11 U.S. Code §362(a) & §524(a), against Perico and Cohen and their agents for their unlawful collection practices during and after Plaintiff received a Chapter 13 Bankruptcy Discharge.

Count III of Plaintiff's Complaint is based on violations of the Massachusetts Consumer Protection Law (MCPL), Mass. Gen. Laws ch. 93A, §§1-11, and regulations adopted by the Massachusetts attorney general thereunder, against Perico and Cohen and their agents for their communication of false and misleading information concerning a debt – including its character, extent and amount – and debt collection about Plaintiff, disgracing Plaintiff.

## VENUE AND JURISDICTION

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692k(d), and 28 U.S.C. §1367(a).

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person who resides in Essex County, Massachusetts.

5. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1692a(3)

6. Defendant, Cohen, is a debt collector as defined by the FDCPA, 15 U.S.C. 1692A(6) with a principle place of business at 450 B Paradise Rd. #289, Swamscott, MA 01907. Cohen is not a creditor as it does not originate loans or extend credit to consumers. The purpose of Cohen's business in this case is the collection of defaulted consumer debts.

7. Defendant, Perico, is a creditor with a principal place of business located at 95 Walkers Brook Dr. Reading, MA 01867. Perico is a creditor as it originates loans or extend credit to consumers. The purpose of Perico's business in this case was to collect on a debt, through a debt collector.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. On or about January 31, 2018, Plaintiff filed a voluntary bankruptcy under Chapter 13 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for Massachusetts, case number 18-10345.

10. On or about December 11, 2019, Plaintiff amended his bankruptcy schedules tot include Perico, PC as a pre-petition creditor.

11. The address Plaintiff added for Perico, PC was Perico PC, c/o JM Cohen Law PC, 100 Cummings Center, Suite 207-P, Beverly, MA 01915.

12. The Bankruptcy court gave The Perico Group until March 9, 2020 to file a proof of claim.

13. The Perico Group, nor JM Cohen filed a proof of claim in the bankruptcy case on or before March 9, 2020.

14. Upon information and belief, Perico and Cohen received notice of the Debtor's bankruptcy filing as they had been included in the amended creditor matrix.

15. On or about March 9, 2021, JM Cohen Law PC sent a demand letter to Plaintiff, stating that there was a current balance of $2,582.94 and extended a 30-day offer to settle the account for $1,162.32.

16. Plaintiff was still in an active Chapter 13 Bankruptcy on March 9, 2021.

17. JM Cohen Law, PC's March 9, 2021 settlement offer listed a website of PayCohenLaw.com.

18. A Google search of JM Cohen Law PC states that their address is 100 Cummings Center #207p, Beverly, MA 01915.

19. As of September 8, 2021, PayCohenLaw.com had an address listed on the website as 100 Cummings Center #207p, Beverly, MA 01915 listed under "Contact Us".

20. On or about July 26, 2021, Plaintiff's Counsel sent a Demand Letter to Cohen for alleged violations of the Federal Bankruptcy Code, the Fair Debt Collection Practices Act, and the Massachusetts Consumer Protection Act.

21. Plaintiff's counsel mailed the demand letter to JM Cohen Law, PC at 100 Cummings Center, Suite 207-P, Beverly, MA 01915

22. Upon information and belief, Cohen received such demand letter.

23. Upon information and belief, Cohen forwarded such demand letter to Perico.

24. Cohen responded to Plaintiff's demand letter.

25. Plaintiff's bankruptcy filing are reporting in public records.

26. As a result of Cohen and Perico's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

27. Cohen's demand letter was particularly aggravating of Plaintiff's damages because it failed entirely to acknowledge Plaintiff's debt to Perico as being included in the Chapter 13 bankruptcy.

28. Cohen and Perico caused Plaintiff stress and anxiety about his credit and debt situation and a belief that he may still owe debt on an account that he believed was included in his chapter 13 bankruptcy.

29. On or about June 6, 2021, Plaintiff received a Chapter 13 Bankruptcy discharge.

## COUNT I
## Violations of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates by reference paragraphs one (1) to twenty-nine (29) of this Complaint as though fully stated herein.

31. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a) provides that there is evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

32. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly … permitted by law.

33. Cohen and Perico violated 15 U.S.C. § 1692f by attempting to collect on a debt from someone while they were in an Active Chapter 13 Bankruptcy and post-bankruptcy discharge.

34. Sending a demand for payment after receiving notice of a Bankruptcy filing and Bankruptcy discharge would qualify as an abusive debt collection practices prohibited under 15 U.S.C. § 1692.

35. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants' are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. §1692k(a)(3).

## COUNT II
### DEFENDANTS COHEN AND PERICO VIOLATED THE FEDERAL RULES OF BANKRUPTCY 11 U.S. Code §362(a) & §524(a),

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth.

37. 11 U.S.C. § 362(a) of the Bankruptcy Code provides that a petition filed under section 301, 302, or 202 of this title... operates as a stay, applicable to all entities, of -

(1) the commencement or continuation, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor;

38. 11 U.S.C. § 524(a) provides that a discharge in a case under this title-

    (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not such discharge of such debt is waived.

    (2) operates as an injunction against the commencement or continuation of an action... to collect, recover, or offset any such debts as a personal liability of the debtor, whether or not discharge of such debt is waived.

39. Sending a demand letter to the Plaintiff while the Plaintiff was in an active Chapter 13 Bankruptcy violated 11 U.S.C. §§ 362, 524.

40. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damage,, and harm to Plaintiff, and as a result, Defendants' are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages.

## COUNT III
**Violations of the MCPL, Mass. Gen. Laws ch. 93A, §§1-11, and Mass. Code Regs. 7.00 *et seq.***

41. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein.

42. Massachusetts General Law, Chapter 93A §2(a) makes unlawful, unfair or deceptive acts or practices in the conduct of any trade or commerce. §2(c) authorizes the attorney general to make rules and regulations interpreting §2(a). The attorney general has interpreted §2(a) as encompassing the following acts or practices (940 Mass. Code Regs. 7.07):

    a. "Any knowingly false or misleading representation in any communication as to the character, extent or amount of the debt..." 7.07(2).

    b. "Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor." 7.07(8).

    c. "Any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor." 7.07(10).

    d. "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including without limitation, the failure to communicate that a disputed debt is disputed." 7.07(11).

58. Cohen and Perico violated the MCPL by communicating false and misleading information concerning a debt – including its character, extent, and amount about Plaintiff by sending a demand for payment to the Plaintiff while the Plaintiff was in an active Chapter 13 Bankruptcy.

59. Cohen and Perico's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Cohen and Perico are liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, we well as other such relief, permitted by Mass. Gen. Laws ch. 93A §9.

60. As a result of the above-described violations Plaintiff has sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

61. Perico and Cohen's violations of the MCPL was willful or knowing and therefore Plaintiff is entitled to seek three times their actual damages under Mass. Gen. Laws ch. 93A §9(3).

### JURY DEMAND

62. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A.  Declaratory judgment that Defendants violated the FDCPA, 11 U.S.C. 362 & 524(a), and MCPL, Mass. Gen. Laws. ch. 93A, §§1-11, and Mass. Code Regs. 7.00,

B.  Actual, Statutory, and Punitive damages against Defendants pursuant to 15 U.S.C. §1692.

C.  Actual damages against Defendants pursuant to Mass. Gen. Laws ch. 93 §§63, 64, ch. 93A §9(1);

D.  Statutory damages against Defendants pursuant to Mass. Gen. Laws ch. 93A §9(3);

E.  Punitive damages against Defendants pursuant to Mass. Gen. Laws ch. 93 §63, ch. 93A §9(3);

F.  Costs and reasonable attorney's fees against Defendants pursuant to Mass. Gen. Laws ch. 93 §§63, 64, ch. 93A §9(4);

G.  Any pre-judgment and post-judgment interest as may be allowed under the law; and

H.  Any other relief that this Court deems appropriate.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED,<br>**THE LAW OFFICE OF<br>ATTORNEY NICK YOUSIF** |
| Dated: November 24, 2021 | By:<u>*/s/ Nicola Yousif*</u><br>Nicola Yousif, Esq. (MA#679545)<br>Matthew A. McKenna (MA #705644)<br>157 Belmont St.<br>Brockton, MA 02301<br>Telephone: (508) 588-7300<br>E-Mail: nick@yousiflaw.com<br>*Attorneys for Plaintiff,*<br>*Ambroise Tano* |